IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| KAREN WHITE-KIRKPATRICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 24-05052-CV-SW-BP |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER AND OPINION AFFIRMING COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying her application for disability benefits. For the following reasons, the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

Plaintiff was born in October 1960, has a high school education, and has prior work experience that includes positions as a cashier, fast food cook, certified nursing assistant, and janitor. She filed her application for benefits in April 2021, alleging an onset date of March 22, 2021.

At Step 2 of the five-step process used to analyze disability claims, the ALJ determined Plaintiff's severe impairments consisted of "right bicep strain and prior right . . . rotator cuff repair with osteoarthritis of the right acromioclavicular joint; and diabetes mellitus." (R. at 12.) He also discussed three impairments that he deemed were not severe: hypertension, kidney disease, and anxiety/depression. Then, at Step 4, the ALJ found Plaintiff retains the residual functional capacity ("RFC") to perform light work with various limitations, (R. at 15), none of which need to be

discussed to resolve the issues before the Court. Based on Plaintiff's RFC and the testimony from a vocational expert, the ALJ found Plaintiff could perform her past work as a cashier and therefore denied her claim for benefits.

Plaintiff argues the ALJ's decision should be reversed because, at Step 4, he did not discuss the possibility that Plaintiff's non-severe depression and anxiety further limited her functional abilities. The Commissioner opposes reversal, and the Court resolves the parties' arguments below.

## II. DISCUSSION

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. . . . As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citations omitted).

Plaintiff does not challenge the ALJ's RFC findings. Instead, she argues the ALJ should have made further findings related to her anxiety and depression. As a general matter, the RFC must include all of the claimant's limitations, including those attributed to non-severe impairments. *E.g., Igo v. Colvin*, 839 F.3d 724, 730 (8th Cir. 2016); *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008). In addition, when he determined Plaintiff's anxiety and depression were

not severe at Step 2, he indicated he would discuss those conditions again at Step 4. (*See* R. at 15.) Plaintiff points out that the ALJ did not specifically discuss her anxiety and depression when conducting his RFC analysis, and from this concludes there is reversable error.

However, there is only reversable error if there is evidence in the Record suggesting that any limitations existed. The Record and the ALJ's discussion of the evidence (albeit at a different stage of the analysis) demonstrates there is no error. The ALJ acknowledged Plaintiff's testimony about the effects of her depression and anxiety, and at the same time observed there was no medical evidence to support it:

> Here, the claimant alleged difficulty completing tasks, she is depressed all the time, and she does not do anything with others; however, mental status examinations have generally failed to document significant, ongoing abnormalities, and the claimant's mental health treatment has generally been conservative, consisting predominantly of routine medication management and counseling with no evidence of frequent psychiatric hospitalizations or continuous outpatient treatment, and her mental impairments have at times been noted to be well controlled with current medication and poses no functional restrictions.

(R. at 13.) The state doctors "provided a detailed explanation of their findings, and offered findings that . . . lack . . . evidence of significant, ongoing abnormalities on mental statue examination, generally conservative treatment, with no evidence of frequent psychiatric hospitalizations, and her reported activities of daily living." (R. at 14.) And, most significantly, the ALJ discussed a Medical Capacity Assessment prepared by Plaintiff's treating physician, Dr. Robert Greiner, in which Dr. Greiner opined she had no limitations. (R. at 591-93.)

Plaintiff does not identify any evidence that would have supported inclusion of additional limitations in her RFC. Her sole argument is that the ALJ should have discussed the issue a second time. While doing so may have been advisable (particularly after the ALJ indicated he would discuss the matter again), the combination of (1) the evidence in the Record—including

3

particularly her treating physician's opinion—and (2) the ALJ's rational for concluding these conditions were not severe demonstrates there was no reversible error.

### III. CONCLUSION

For the reasons stated above, the Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

                                                /s/ Beth Phillips
                                                BETH PHILLIPS, CHIEF JUDGE
**DATE**: November 5, 2025                           UNITED STATES DISTRICT COURT